UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DAVID ROBERTSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | CAUSE NO. 3:17CV153-PPS |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

David Robertson, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 16-11-253) where a Disciplinary Hearing Officer (DHO) found him guilty of engaging in a group demonstration in violation of Indiana Department of Correction (IDOC) policy B-223. ECF 2-2 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2.

Robertson argues that the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

An inmate violates IDOC B-223 by, "[e]ngaging in, or encouraging others to engage in, a group demonstration, work stoppage or refusal to work." Adult Disciplinary Process, http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charged Robertson as follows: "[o]n Nov. 15th 2016 at approx. 7:13am offender Robertson, David (#184647) (D2-E2-10L) attempted to engage in a group demonstration by making an announcement in the dayroom that I clearly heard. I heard the offender say "we need to stand up as a group, they got the bathroom flooding, shitty food, and no dayroom." ECF 7-1. Robertson and several other offenders then engaged in a physical altercation that resulted in one offender being sent to an outside medical facility for treatment. ECF 7 at 6; ECF 9.

The DHO had sufficient evidence to find Robertson guilty of violating IDOC B-223. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. The reporting officer provided the DHO with an eyewitness account of Robertson's actions. It was then the job of the DHO to weigh the

credibility of the two conflicting accounts. The DHO's determination that the officer's account was more credible was not unreasonable or arbitrary. Thus, Robertson is not entitled to habeas corpus relief based on the sufficiency of the evidence.

Next, Robertson argues that he was judged without having the opportunity to present his side of the story. He does not expand on this claim with any factual allegations. Prisoners are entitled to 24-hours' advance written notice of the factual basis of the charges against them. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Here, Robertson was notified of the disciplinary charge when he received the screening report on November 17, 2016. His disciplinary hearing was held five days later, on November 22, 2016. Thus, his right to 24 hours' advance notice of the charges was satisfied. Furthermore, Robertson had the opportunity to call witnesses and request evidence in his defense at the time he was screened. He check-marked the boxes indicating that he did not wish to call any witnesses and did not wish to present any evidence. ECF 7-2. Finally, Robertson was provided an opportunity to give a statement in his defense during the hearing. The report of the disciplinary hearing records Robertson as stating, "none of what the report say happened. The C.O. wasn't even out there." ECF 7-3. Thus, Robertson had an adequate opportunity to defend the charges against him.

Robertson's final argument is that the sanctions he received were too harsh. He claims that this was the first time he had ever been disciplined during his incarceration at the IDOC. He also argues that it was unfair that none of the other inmates received conduct reports. However, harshness is not a valid basis for challenging a punishment that is within

3

the range of the offense for which the inmate was found guilty. *See United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (where a sentence is "within the range established by the legislature . . . this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence").

Here, the maximum allowable sanction for a Class B offense was the loss of three months earned credit time. Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. While Robertson's 90 day loss of earned credit time was the maximum allowable loss, it was nevertheless within the permissible range. Therefore, the harshness of his sanction is not a ground for habeas corpus relief.

ACCORDINGLY:

The petition (ECF 2) is **DENIED**. The clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: September 9, 2017.          /s/ Philip P. Simon
                                      Judge
                                      United States District Court